Courts Original

KEVIN RYAN O'KEEFE
641 ARGONAUT STREET
MANTECA, CA  95336
209-302-6778  Cell Phone and Message
KRO9000.YAHOO.COM

IN PROPERIA PERSONA

FILED

FEB 21 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## IN UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

KEVIN O'KEEFE            ) NO:
                         )
-----------VS-----------  )  CV 18  1104
                         )
TELSA MOTORS             )  **COMPLAINT**
                         )  **RETALIATORY FIRING**
WEST VALLEY STAFFING GROUP ) **DENIAL OF MY COMMON**
                         )  **LAW RIGHT CONTRACT**
25 UNNAMED DEFENDANTS    )  **TRADING OF MY LABOR**
                         )
_____)

### (I.) - INTRODUCTION - MY DISCRIMINATION AND RETALIATION COMPLAINT AT-LAW.

I Kevin Ryan O'keefe, do hereby come to this Court demanding At-Law, at Common Law Jurisdiction. I come seeking and demanding for a Remedy At-Law at the Common for my deprivation of my Common Law rights and of-law and at Equity remedy for deprivation of my civil and constitutional rights. I do claim all my rights At-Law at the Common Law and right of law and Equity my civil and constitutional rights. I come seek a remedy at the Common Law to defend my Inalienable right to contract the trading of my Labor for compensation my right to work. I do hereby come to this Court seeking a Remedy At-Law and to protect my inalienable Common Law right to work and right to be free from unlawful Retaliation discrimination. I file this short Complaint to beat the statute of limitations on my Right to Sue Letter from the EEOC. Let Notice be taken that this is a **Suit At-Law** at the **Common Law** and **at the Constitution** at the **Civil Rights Act At-Law**.

### (A.) - Jurisdictional Facts.

Here are the Jurisdictional Facts of my claims in my matter: Let Notice be taken that this is a **Suit At-Law** at the **Common Law** and **at the Constitution** at the **Civil Rights Act At-Law**.

### (1.) - Venue.

First of all Venue is correct, as I am a Citizen and resident of San Joaquin County of the State of

California. Which is within the territorial Jurisdictional boundaries of the Eastern District of California. The Defendants Tesla Motors, West Valley Staffing Group all are located within the territorial boundaries of the Alameda County. Thus, the U.S. District Court for the Northern District of California is the proper and Lawful Venue.

### (2.) - Other Jurisdictional Facts.

I Kevin O'keefe do hereby bring my matter for retaliation for helping my friend William Whitsitt, with Evidence and Testimony to the EEOC investigator, Brian Huff. Shortly after that within (90) days Tesla Motors, through West Valley Staffing Group took action against me (Retaliatory Discharge). See: **Title VII. 42 U.S.C.A. 2000e-3(a)**. By false, misleading facts brought against me my Temporary Assignment was ended. I **demand as matter** of **At-Law** at the **Common Law, and at Constitution, the At-Law Jurisdiction** of this Federal District Court. **My inalienable At-Law, Common Law and constitutional right to trade my Labor for compensation is protected At-Law, at the Common Law** and **at the Constitution**. I come to this Federal District Court Demanding for and pleading for Common Law, At-Law and my constitutional and civil rights Jurisdiction. See: **Brooks v. Norris, 11 How 204, 13 L. Ed. 665.** At the Common Law, is the prohibition against prejudice by **Admiralty - Civil Law Jurisdiction.** See: **Ramsay v. Allegre, 25 U.S. 611, 6 L. Ed. 746, 12 Wheat. 611 (1827)**. The Common Law of California is the law of the California and State Constitution, it is still the law of decision of the State Constitution. See: **Gray v. Sutherland, (1954), 124 C.A.2d 280, 268 P.2d 754. In actions in the Federal Court in the State or territory, the Common Law is the rule of decision. See: Pyeatt v. Powell, 51 Fed. 551, 2 C. C. A. 367.** The Common-Law rule of decision in a federal Court is that of the State in which it is sitting. See: **Lorman v. Clarke, 2 McLean 568, Fed. Cas. No. 8,516**. No Court can refuse to hear At-Law at the Common Law claims. A Writ of Error (Writ of Right) lies at denial at Denial of At-Law, at the Common Law claims. "..**§ 237** of the **Judicial Code (USC Title 28, § 344), lie in the fact that a Writ of Error is granted as of Right** while Certiorari is granted or refused, in the exercise of sound discretion." **Philadelphia & R. Coal & I. Co. v. Gilbert**, 245 U.S. 162, 38 S. Ct. 58, 62 L. Ed. 221 (1917); A **writ of error is a writ of right** which is **grantable ex debito justitia; Skip with v. Hill**, 2 Mass. 35. "The right to first appeal or **writ of error** cannot be **refused..**" **Also an first Appeal is of right.** I must set up my Common Law, At-Law rights at the first instance at the Court of first instance.

### (3.) - Civil Rights Act Jurisdiction.

The ADEA, and Civil Rights Act, grants Statutory Jurisdiction to the Federal District Court. See: **Title 28, Section 1343(3),(4). See: Chapman v. Houston Welfare Rights Organization Gonzalez, 441 U.S. 600, 99 S. Ct. 1905, 60 L. Ed.2d 508 (1978).**

> "**§ 1343(3)** ...federal district courts have jurisdiction over civil actions 'authorized by law' claiming a deprivation, under color of state law, of rights 'secured by the Constitution of the United States or by any Act of Congress providing for equal rights,' and under **§ 1343(4)** have jurisdiction over such actions seeking relief under 'any Act of Congress providing for the protection of civil rights, including the right to vote.' **See: Chapman v. Houston Welfare Rights Organization Gonzalez**, 441 U.S. 600, 99 S. Ct. 1905, 60 L. Ed.2d 508 (1978).

In conferring Jurisdiction upon the Federal District Courts, for all Civil Actions for Equal Rights that

arise under **28 U.S.C. Section 1343(3)**; and seeking relief under any act of Congress for protection of Civil Rights. It also is important to Note that once Jurisdiction of Federal District Court has been Invoked, Court **cannot refuse invoked Jurisdiction**, when Congress has Granted Statutory Jurisdiction. See: **Deakins v. Monaghan, 484 U.S. 193, 108 S. Ct. 523, 98 L. Ed.2d 529 (1988).** I have a Right to Sue Letter from the EEOC.

Let the Court take Notice here that this is a Re-filed after voluntary dismissal of Appeal of matter dismissed without prejudice in January of 2018. Thus, refiled timely within (90) to keep timeliness of dismissal without prejudice for refiling of Complaint.

## (II.) - DISCRIMINATION CLAIM.
## (Claim-1) - Retaliation Claim.

Here are my personal facts of what happened after I helped William Whitsitt, with Evidence and Facts of ADEA and other discrimination. I believe that all facts will show that my Temporary Assignment was ended by Retaliatory Discharge.

### (1.) - Facts of Discrimination.

On **11/23/2015**, I began working at Tesla in Fremont, CA through West Valley Staffing Agency in Sunnyvale, CA. My usual schedule was called B shift which was a rotating shift of 12 hr days, one week I worked Wednesday through Saturday and the next week was Thursday through Saturday. On B shift they let us listen to music with earphones and that is what many of us did on B shift. The day of 3/6/2016 was the start of my overtime Schedule and I was working under a different supervisor other than the one I had with my regular B shift. The supervisor came up to me and said that we do not allow people to listen to music with earphones and I said I do the same exact work I do now as I do in my usual B shift and the General manager and supervisors let us listen to music. After me saying that he sent me home early because I was not following the rules yet when I asked Todd at HR on the 7th he says that there is no company policy about this and it's up to whoever the supervisor is at that shift. This made me upset because the company allows people to listen to music with headphones on my shift but doesn't allow it on this other shift. I did not know that each shift had a different set of rules. Headphones where allowed on my shift and not on that other overtime shift, as did not know until I worked that day. I was never shown or told about the rules on that shift. I did not receive any copy of their Telsa Motor's rules. I was never told once before this day about different set of rules for each shift. I did not ever receive a written copy of rules for Telsa Motors. Many times the general manager would come and see how things were running on my B shift and many people there were wearing earphones and he said nothing to us and it's something we have been doing for a long time now, yet when I say how I feel about what is going on I am terminated from my job the following day and they say the reason that they let me go is for not listening to the supervisor. So what is happening is different supervisors on different shifts having different set of rules each working for the same company, sounds like a double standard, this is allowed by one shift but not the other. If I was really doing something wrong by listening to music then why didn't they say anything to me on the B shift which I worked on? Since it was acceptable on B shift why is it not acceptable on the other shift I was working forced mandatory overtime on? If listening to music was unacceptable then why was it allowed by the GM and all other managers and supervisors that worked while I was working? Since they have treated me this way when I told them about what was going on I do not feel comfortable working with that type of management, If they say that I can have my job back I still have no guarantee that they won't retaliate in the near future because of what I exposed. A few hours after I told the HR department person over there by the name of Todd about what was going on they ended my assignment as I had received a phone call from West Valley Staffing. This was on 3/7/2016. My last day of work was on 3/6/2016. They said that I was let go because I did not follow the rules. What rules did I not fallow? I did not ever receive a written copy of rules for Telsa Motors. It is obviously impossible to fallow unknown and unpublished rules. When I talked to Todd at Telsa Motors, HR department 3/6/2016, approximately 11AM, about if there is a company policy concerning listening to music with earphones? Todd said: there wasn't any policy, rules, and that it is up to the supervisor who is working on that shift to decide whether or not people can listen to music or not. Yet one shift is being favored over the other giving them privilege to listen to music with earphones and the company has not done anything about this but allowing it to continue. Since there is no company policy that states whether or not I can listen to music with an earpiece how am I breaking the rules in which there is no company policy, rule concerning this. West Valley Staffing Group left the working Policy and or rules up to Telsa Motors. I was a good worker at Tesla, I specifically remember the day I came back from work on Thursday having been off for my weekend, it was on 02/17/16, it was before my lunch break which I take at 9:50am when me and one of my supervisors by the name of Beatrice talked about my work and how she said it was good and that we need more people like me and if I knew of anyone that worked like I did to have them apply at Telsa if they needed a job. Different rules for different bosses, these supervisors work for the same company and should have the same standard

operating procedures concerning this.

I Kevin O'keefe, did Object and Protest to Telsa Motors, Inc., through West Valley Staffing Group terminating my Common Law right to contract the trading of my Labor for compensation wrongfully without Just Cause. "I had received a phone call from West Valley Staffing. This was on 3/7/2016. My last day of work was on 3/6/2016. They said that I was let go because I did not follow the rules. What rules did I not fallow? I did not ever receive a written copy of rules for Telsa Motors. It is obviously impossible to fallow unknown and unpublished rules." So what is happening is different supervisors on different shifts having different set of rules each working for the same company, sounds like a double standard, this is allowed by one shift but not the other." "I was never shown or told about the rules on that shift. I did not receive any copy of their Telsa Motor's rules. I was never told once before this day about different set of rules for each shift. I did not ever receive a written copy of rules for Telsa Motors." When I talked to Todd at Telsa Motors, HR department 3/6/2016, approximately 11AM, about if there is a company policy concerning listening to music with earphones? Todd said: "there wasn't any policy, rules, and that it is up to the supervisor who is working on that shift to decide whether or not people can listen to music or not." I was wrongfully terminated on a Mandatory, forced Overtime day. I believe also I was wrongfully Terminated for another covert reason (**Retaliation**).

* I was not given any Written Rules or Policy concerning Radios or Head Phones to fallow except that is was OK on my shift I worked on.
* How could I ever be held to fallow an Unwritten and unknown Company rule or Policy?
* Todd, Telsa Motors H.R. Representative stated there was No Company Written Policy or Rule about Head phone radios or other radios; that was left up to the Shift Managers.
* Head phone radios where allowed on my shift by my Shift Manager.
* How can I be held to fallow unwritten Policy and or Rules that are obviously different for each shift by their Shift Manager?
* No Written Telsa Motor's or West Valley Staffing Group Policy or Rule against Head Phone radios for Telsa Motors.

I believe I was wrongfully Terminated for another covert reason (**Retaliation**).

### (1.) - Prima Facie Case of Retaliation.

I was preforming my Job at Tesla Motors very well as my immediate supervisor Mohammed stated.

**1.) - Protected Activity** - I helped William Whitsitt, with facts and Evidence for his ADEA and the other discrimination claims with the same Tesla Motors and West Valley Staffing Group. See above facts.

**2.) - Suffered Adverse Employment Decision, Action** - Tesla Motors through West Valley Staffing Group, made of a false action set up my dismissal and ending of my Temporary Assignment in I believe was Retaliation. I was let go for violating a rule that does not exist and it is up that shift supervisor. I was clearly set up for this in retaliation.

**3.) - Casual Link between my Protected Activity and Action taken or Decision by Employer** - I helped William Whitsitt, with facts and Evidence for his ADEA and the other discrimination claims with the same Tesla Motors and West Valley Staffing Group. The action was taken within (90) days of William Whitsitt giving EEOC Investigator Brian Huff, my name and my facts and Testimony concerning his ADEA and other claim with Tesla Motors and West Valley Staffing Group. I am a roommate with William Whitsitt and share the same address and went to the same Interview date and I witnesses many facts of his Age discrimination claim. William even told the EEOC investigator Brian Huff, that I was afraid I would be retaliated by Telsa Motors, and West Valley Staffing Group. I am making this short and quick complaint to meet (90) days deadline to file suit in Federal Court. William Whitsitt matter before this Court is: **3:16-cv-00797 MMC**. Thus, we I presented this court with a prima facie case of Retaliation. See: **Section 704(a) of Title VII of the Civil Rights Act of 1964**. **Trent v. Valley Electric Ass'n, Inc., 41 F.3d 524, 526 (9th Cir. 1994).**

Let Notice be taken here, that another Retaliation claim will be added to this Complaint.

## (Claim -2) - Failure to Protect from Retaliation.

Failure to protect from discriminatory Retaliation West Valley Staffing Group. West Valley Staffing Group failed to protect my **At-Law** at the **Common Law** and at the **14th, Amendment inalienable right** to contract the trading of my **right to Labor for compensation (right to work)**. They failed their legal At-Law due protect my right contract my Labor from unlawful and unconstitutional At-Law and at the civil rights act discrimination in employment.

## (Claim-3) - Wrongful Termination in Violation of California Public Policy.

Wrongful Termination in Retaliation West Valley Staffing Group in violation of State of California Public Policy. The named defendants violated my At-Law, at Common Law and at the Constitution, my inalienable right to work (My inalienable right At-Law to contract the trading of my right to Labor for compensation. This is a deprivation of my rights At-Law at the Common Law, and at the Constitution.

## (Claim-4) - Deprivation of my At-Law right to Contract my Right to Labor for Compensation-Conspiracy At-Law.

The named defendants have acted together in acts of furtherance of unlawful deprivation of my rights At-Law, at the Common Law and at the Constitution. They have acted with intentional, knowing and deliberate callous disregard for my inalienable Common Law and constitutional rights At-Law to contract my right to contract the trading of my right to Labor for compensation (right to work). See: **Coppage v. Kansas**, 236 U.S. 1 at pg. 14 (1915); **Adair v. United States**, 208 U.S. 172 (1907); **Butchers Union Co. v. Crescent City Co.**, 111 U.S. 746 (1883).

### (1.) - Conspiracy against my At-Law rights to contract the trading of my right to my Labor.

2 or more have acted in intent of discriminatory deprivation and the interference of my inalienable At-Law at the Common Law and constitutional rights. They have **acted with discriminatory intent** to to deprive, violation and interfere with my inalienable rights At-Law and my regulated right At-Law to Personal Liberty to contract my inalienable right to my Labor for right to work. See: **Coppage v. Kansas, 236 U.S. 1 at pg. 14 (1915); Adair v. United States, 208 U.S. 172 (1907); Butchers Union Co. v. Crescent City Co., 111 U.S. 746 (1883).**

## (III.) - DAMAGES SOUGHT.

I move the Court to Grant all the fallowing remedies At-Law and in Equity.

DAMAGES SOUGHT: **$3,500,000.00   THREE MILLION FIVE HUNDRED THOUSAND DOLLARS.**
PUNITIVE DAMAGES: **$1,500,000.00   ONE MILLION FIVE HUNDRED THOUSAND DOLLARS.**
FRONT PAY LIQUID DAMAGES: **$ 50,000.00   FIFTY THOUSAND DOLLARS.**
EMOTIONAL DISTRESS: **$500,000.00   FIVE HUNDRED THOUSAND DOLLARS.**

I KEVIN RYAN O'KEEFE, _____, THIS THE ____ DAY OF FEBRUARY 2018, DO HEREBY DECLARE AND AFFIRM THAT ALL THE ABOVE FACTS ARE TRUE AND CORRECT UNDER THE PENALTY OF LAW.

I RETAIN THE RIGHT TO ALTER, AMEND COMPLAINT AND TO ADD OR DELETE NAMED DEFENDANTS AS BECOMES NEEDED AND OR NECESSARY.

LET JUDICIAL NOTICE BE TAKEN HERE I AM THE MASTER OF THIS CASE AND I WILL ALONE WILL DECIDE WHICH LAW IT WILL PROCEED UNDER. SEE: **FAIR, THE, v. KOHLER DIE & SPECIALTY CO.**, 228 U.S. 22 (1913); **FRANCHISE TAX BD. v. LABORERS VACATION TRUST**, 463 U.S. 1 (1983); **Merrell Dow Pharmaceuticals, Inc. v. Thompson**, 478 U.S. 804, 809, n. 6 (1986); **Caterpillar Inc. v. Williams**, 482 U.S. 386, 392 (1987).

## (IN CONCLUSION)

I move the Court At-Law, at the Common Law and at the Constitution, to grant all demanded for relief and remedies At-Law in the Complaint.

RESPECTFULLY SUBMITTED

_____
KEVIN RYAN O'KEEFE
DATED: February 4, 2018